UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KORY BRIMMER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:13-CV-342-B |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Kory Brimmer's Motion to Remand (doc. 5), filed on February 1, 2013, and Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (doc. 6), also filed on February 1, 2013. For the reasons that follow, Plaintiff's Motion to Remand is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**.

## I.

## BACKGROUND

In his three-page First Amended Petition, Plaintiff alleges that he owned real property subject to a deed of trust executed in favor of Defendant. Doc. 1-1, First Am. Pet. ¶ 8. Defendant foreclosed on the property and the property was sold at a non-judicial foreclosure sale for approximately $269,000.00. *Id.* ¶ 9. According to Plaintiff, the unpaid balance of the indebtedness secured by the property was approximately $97,000. *Id.* Plaintiff admits that Defendant has not initiated any judicial action to collect the deficiency, but alleges Defendant has reported the deficiency on his credit report and seeks recovery of the deficiency non-judicially. *Id.* ¶ 7. Plaintiff claims that the value of the

property at the time of sale was $383,000.00 and, as such, he "is entitled to an offset against any alleged deficiency in the amount of $97,000.00" pursuant to Section 51.003 of the Texas Property Code. *Id.* ¶¶ 7, 12.

Plaintiff filed his Original Petition on December 5, 2012 in the 298th District Court of Dallas County, Texas. Doc. 1, Notice of Removal at 1. Plaintiff filed his First Amended Petition on January 13, 2013. Doc. 1-1, First Am. Pet. ¶ 12. Defendant removed the case to federal court on the basis of diversity jurisdiction within thirty days of receiving service in conformity with 28 U.S.C. § 1446(b). Doc. 1, Notice of Removal. Plaintiff filed his Motion to Remand (doc. 5) on February 1, 2013, to which Defendants have responded (doc. 7). Plaintiff did not file a reply to accompany his Motion to Remand. Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on February 1, 2013 (doc. 6). Plaintiff has responded (doc. 11) and Defendant has replied (doc. 12). Both motions are ripe for decision.

## II.

## ANALYSIS

A.   *Motion to Remand*

Federal courts maintain subject matter jurisdiction over those actions in which there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Without jurisdiction endowed by statute or the Constitution, federal courts lack the power to adjudicate claims. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)(citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Accordingly, the party removing a case based on diversity "must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d

568, 572 (5th Cir. 2004). When determining if a federal district court has jurisdiction to hear a case on removal, "any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)(internal quotation omitted). Because there is no federal question jurisdiction and because diversity of citizenship between the parties is not in dispute, the Court focuses only on the amount-in-controversy requirement of 28 U.S.C. § 1332.

The Court first looks to the face of the petition to determine whether the amount-in-controversy exceeds the jurisdictional threshold of $75,000. *Knowles Pub. v. Am. Motorists Ins. Co.*, 248 F.3d 1139, at *2 (5th Cir. 2001)(unpublished)(citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). In situations where the plaintiff's state court petition does not specify an amount in damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Allen*, 63 F.3d at 1335. A removing party "may support federal jurisdiction by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Id.* The Court may rely on summary judgement-type evidence to determine the amount in controversy. *Firewheel Surgical Sales, LLC v. Exact Surgical, Inc.*, 3:12-cv-1971-L, 2013 WL 139548, at *3 (N.D. Tex. Jan. 11, 2013). If the defendant succeeds in showing that the amount in controversy exceeds $75,000 by a preponderance of the evidence, removal is proper unless the plaintiff can show that "it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

In the present case, Plaintiff contends that the amount-in-controversy does not exceed $75,000. Specifically, he states that "the amount in controversy, at a minimum is approximately $28,000." Doc. 5, M. Remand at 2. Defendant responds that the jurisdictional amount has been

met because on the face of Plaintiff's Amended Petition he alleges he "is entitled to an offset against any alleged deficiency in the amount of $97,000." Doc. 1-1, First Am. Pet. ¶ 12. Further, Defendant argues that Plaintiff is seeking "an offset equal to the amount by which the fair market value exceeds the sale price," which amounts to an offset of $114,000 when the sale price of $269,000 is subtracted from the Property's alleged fair market value of $383,000. Doc. 7, Def.'s Resp. at 4.

The Court agrees with Defendant that, based on the allegations in the First Amended Petition, the amount-in-controversy exceeds the $75,000 threshold in this case. Because Plaintiff requests an offset of $97,000, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff does not state that "it is legally certain that his recovery will not exceed" $75,000, *see De Aguilar,* 47 F.3d at 1412, and in fact only states in his Motion to Remand that the amount in controversy "at a minimum is approximately $28,000," without specifying a maximum amount. Doc. 5, M. Remand at 2.

The Court determines that Defendant has established the amount-in-controversy is greater than $75,000. Diversity jurisdiction therefore is proper as the parties do not dispute their complete diversity of citizenship. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

B.   *Motion to Dismiss*

Defendant moves to dismiss Plaintiff's First Amended Petition under Rules 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. The Court first examines Defendant's Rule 12(b)(1) Motion to determine if the suit should be dismissed for lack of subject matter jurisdiction as it is not ripe.

"Ripeness is a question of law that implicates this court's subject matter jurisdiction." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 292 (5th Cir. 2006). A federal court may

exercise jurisdiction over an actual controversy, but not premature or speculative issues. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (citing *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)) (internal alteration omitted). A claim is not ripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citations and quotation omitted).

Plaintiff brings this action under Section 51.003 of the Texas Property Code to determine the fair market value of the Property and to apply an offset to the deficiency Plaintiff still owes Defendant. Defendant contends that Plaintiff's claim is unripe because Defendant has not instituted a deficiency action as required to trigger the defenses under Section 51.003. Doc 6, Mot. Dism. at 1. Plaintiff argues that Defendant's reporting of Plaintiff's debt and foreclosure to the credit bureaus "is tantamount to [Defendant] pursuing a deficiency action under Section 51.003," and therefore, Plaintiff's suit is ripe. Doc. 11, Pl.'s Resp. Mot. Dism. at 2. Defendant replies that reporting Plaintiff's deficiency to credit bureaus cannot be considered an "action" to recover the deficiency within Section 51.003. Doc. 12, Def.'s Reply Mot. Dism. at 5.

Texas enacted Section 51.003 "to protect borrowers and guarantors in deficiency suits brought following the non-judicial foreclosure on realty." *Interstate 35/Chisam Road, L.P. v. Moayedi*, 377 S.W.3d 791, 797 (Tex. App.–Dallas Aug. 2, 2012, pet. filed). Section 51.003(a) defines a deficiency suit as an "action brought to recover the deficiency" between the foreclosure sale price and the amount of the debt owed on a note. Tex. Prop. Code § 51.003(a). In such a deficiency suit,

subsection (b) allows a person against whom recovery is sought to request a judicial determination of a property's fair market value as of the date of the foreclosure sale. *Id.* at § 51.003(b). Subsection (c) entitles such person against whom a deficiency action is sought to an offset in the amount by which the fair market value exceeds the foreclosure sale price. *Id.* at § 51.003(c). The plain language of the statute requires a deficiency suit to be initiated before the offset provision in Section 51.003(c) can be asserted. *See id.* at § 51.003(b)-(c); *Moayedi*, 377 S.W.3d at 799 (finding that Section 51.003's offset provision is a defense). The mere reporting of credit information about a person is not an "act" to collect a discharged debt within the meaning of Section 51.003. *See In re Mahoney*, 368 B.R. 579, 584 (Bankr. W.D. Tex. 2007).

In the case at hand, Plaintiff admits in his First Amended Petition that "Defendant has not sought to recover the deficiency via judicial means yet." Doc 1-1, First Am. Pet. ¶ 7. Further, the Court concludes that Defendant's reporting of the foreclosure and other credit information to credit bureaus is not "an action brought to recover the deficiency" within the meaning of Section 51.003. *See In re Mahoney*, 368 B.R. at 584. Because the plain language of the statute requires a deficiency action to be initiated before Section 51.003 defenses become operative, and because no such deficiency action has been initiated, the protections of Section 51.003 are inapplicable. Therefore, Plaintiff's claim is not ripe because it rests on a contingent future event, namely Defendant bringing an action to recover the deficiency, which may not occur at all. *See Texas*, 523 U.S. at 300. Because this action is unripe, the Court lacks subject matter jurisdiction. *See Urban Developers LLC*, 468 F.3d at 292. Accordingly, Defendant's 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED** . The Court need not consider Defendant's Rule 12(b)(6) Motion.

## III.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendant's Motion to Dismiss. This action is hereby **DISMISSED**.

**SO ORDERED.**

**SIGNED:** May 2, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE